Western Union Telegraph Company v. W. L. McDonald.

Decided November 10, 1909.

**1.—Telegraph Company—Failure to Transmit Message—Mental Anguish.**

Where it appeared from the evidence that but for the negligence of a telegraph company in failing to transmit a message, the funeral of plaintiff's father could and would have been postponed until the plaintiff arrived, the plaintiff is entitled to recover for the mental suffering caused by being deprived of seeing his father before he was buried.

**2.—Same—Construction of Line—Negligence.**

A telegraph company may be liable in damages for so constructing and maintaining its wires as to subject them to contact with other wires, or for delay in discovering and removing such trouble, whereby the transmission of a message may be prevented.

Appeal from the District Court of Grimes County. Tried below before Hon. S. W. Dean.

*N. L. Lindsley, J. W. Lewis* and *Dean, Humphrey & Powell (Geo. H. Fearons,* of counsel), for appellant.—[Third assignment of error.] The trial court erred in the following paragraph of the general charge to the jury, to wit:

"If you believe from a preponderance of the evidence that the defendant company was guilty of 'negligence' in not transmitting the message to Navasota in time for it to be sent from there to Anderson before the funeral, and believe that but for such negligence, if you find

the company was negligent, the message would have been delivered at Anderson before the funeral, and that if it had been delivered the funeral would have been postponed, then you will find for the plaintiff and assess his damages at such sum as in your sound judgment will compensate him for the mental distress that he suffered by reason of the failure to be present at the funeral of his father and to view his remains."

[Fourth assignment of error.]   The trial court erred in the following paragraph of the general charge to the jury, to wit:

"On the other hand, if you believe from the evidence that the cause of the trouble to defendant's wires was the falling of the electric-light wire across the same, and that defendant was guilty of negligence in so constructing and maintaining its said wires as to subject them to such trouble, or that defendant was guilty of negligence in not sooner discovering and removing said trouble, you will find for plaintiff, unless you shall find for defendant under other paragraphs of this charge."

[Fifth assignment of error.]   "The trial court erred in that portion of its general charge to the jury quoted in the fourth assignment of error, for that there was no evidence showing that the defendant was negligent in so constructing and maintaining its wires as to subject them to damage from the falling of the electric-light wires across them, and the evidence does not raise the question of negligence of the defendant in the construction and maintenance of its wires so as to subject them to trouble from the falling of the electric-light wires across them."

*Gordon Boone, John M. King* and *Geo. D. Neal,* for appellee.

JAMES, CHIEF JUSTICE.—This action is based on this telegram:

"Logansport, La., Mar. 13, 1903.
"Judge J. G. McDonald,
     "*via* Navasota, Anderson, Texas.
"Missed connection; postpone funeral until tomorrow; will arrive tonight, midnight.   Rush.                    W. L. McDonald."

The petition alleged that at the time the message was delivered to defendant's agent plaintiff informed him that the funeral the telegram referred to was that of his father; that he paid the agent for transmitting it to Navasota, and for the telephone charges from there to Anderson where his father died; that defendant failed to transmit the message via Navasota to Anderson as aforesaid; that if it had been promptly transmitted and delivered the burial, which took place at 3 p. m. of March 13th, could and would have been postponed until March 14th, when he could and would have been present, etc., but by reason of said failure to transmit same plaintiff was deprived of being at the funeral and burial, and of seeing his father before he was buried, by reason of which he has suffered great mental distress, etc.

The answer was a general denial; also, first, that at the time the message was delivered at Logansport defendant's lines and appliances

were disabled, blown down and burnt out by violent winds, rains and electrical disturbances; that part of the lines over which the message must have gone out of Logansport remained so, without fault of defendant, until after six o'clock p. m. of that day, which was as soon as defendant could restore same and transmit the message in the exercise of reasonable care and diligence.

Second. That said agent advised plaintiff that the message could not be then sent for the above reason, and requested him to withhold it and send it from some point on his route, where it might be safely and expeditiously transmitted; and when said agent received the message at Logansport he did so with the distinct understanding that it was subject to such delay as might arise from said conditions.

Third. That the message was by direction and agreement of plaintiff to be transmitted to defendant's office at Plantersville, Texas, and from thence by telephone to Anderson, and that the telephone line from said place to Anderson, which was not in defendant's control, was during the whole day of March 13th, down, and communication over it was impossible, and that if defendant had been able to transmit the message to Plantersville, that its agent there could not have possibly communicated it to Anderson on that day.

Fourth. That it was wholly impracticable for said funeral to have been postponed later than 3 p. m. of the 13th, at which time it was impossible for plaintiff to have been at Anderson.

The verdict was for plaintiff.

The only proposition advanced by appellant in connection with its first and second assignments of error, which proposition is all we can consider, is as follows:: "The fact that the funeral of plaintiff's father took place in his absence will not entitle the plaintiff to recover against the defendant for a delay in delivering a message to those in charge of the funeral requesting a postponement of the funeral, where those in charge knew that it was impossible for plaintiff, under any circumstances, to arrive until several hours after the time of the burial." As there was testimony showing that the funeral could and would have been postponed, we see no force in the proposition.

In reference to the third assignment, we conclude that when the entire charge is read and considered the error in a certain paragraph, of which appellant complains, does not exist.

The fourth and fifth assignments are overruled for the reason that we find testimony showing that defendant's wires were disabled by certain electric-light wires having fallen across them. The proposition, asserting the contrary of this, is not well founded.

The sixth, seventh and eighth assignments are overruled, for we find there was evidence which fairly and amply supports the verdict. Affirmed.

*Affirmed.*

Writ of error refused.